IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| TROY L. JONES, | ) | 4:12CV3234 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MARY L. HESSER, LAURA TAGUE, State Farm Claims Representative, and STATE FARM, | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 27, 2012. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis in this matter. (Filing No. 3.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on November 27, 2012, against Mary Hesser, Laura Tague, and State Farm. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that he was involved in a car accident with Mary Hesser, a Nebraska resident, on August 23, 2012. (*Id.* at CM/ECF p. 2.) Following the accident, Plaintiff began working on an insurance claim with with Laura Tague, a claim representative for State Farm. Plaintiff alleges that Laura Tague has "admitted to the plaintiff's injuries, but disputed the extent of his injuries." (*Id.* at CM/ECF p. 3.) Plaintiff seeks $200,000.00 in monetary damages from Defendants. (*Id.* at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must

dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Subject-matter jurisdiction may also exist where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as federal-question jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Here, it appears Plaintiff intended to invoke federal-

2

question jurisdiction under 42 U.S.C. § 1983. (Filing No. 1 at CM/ECF p. 4.) In order to obtain relief under 42 U.S.C. § 1983, a plaintiff must show the deprivation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Upon careful review of Plaintiff's Complaint, the court finds that it lacks subject-matter jurisdiction over this matter. As to diversity of citizenship jurisdiction, the citizenship of each plaintiff is not different from the citizenship of each defendant. That is, Plaintiff alleges that both he and Defendant Mary Hesser are citizens of Nebraska. Thus, diversity of citizenship jurisdiction does not exist in this case.

As to federal-question jurisdiction, Plaintiff does not set forth any specific actions taken by Defendants that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. Furthermore, Plaintiff does not allege that Defendants are state actors. In short, Plaintiff does not allege that Defendants deprived him of a right secured by the Constitution or laws of the United States, or that the alleged deprivation was committed under color of state law. For these reasons, the court lacks subject-matter jurisdiction and this action must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

IT IS THEREFORE ORDERED that: Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of January, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.